IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RHONDA R. CARSON**,

**Plaintiff,**

v.

**MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,**

**Defendant.**                                       No. 11-CV-0636-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Pending before the Court is Carson's application for attorney fees under the Equal Access to Justice Act (Doc. 30). Carson asks for fees in the amount of $4,375.40 based on an hourly rate of $167.00. The Commissioner opposes the motion arguing theat fee requested should be reduced to $3,125.00 as plaintiff has not shown that an increase in the hourly rate allowed by statute is warranted and that the fees are excessive and unreasonable. (Doc. 31). Carson filed a reply also asks for compensation for preparing the reply for a total amount of $4,959.90. Based on the following, the Court grants in part and denies in part the motion.

Under the EAJA, a plaintiff is eligible to recover attorneys' fees if (1) she makes a timely application for fees; (2) she is a "prevailing party"; (3) the government's position was not "substantially justified"; and (4) no special circumstances makes an

award unjust. 28 U.S.C. § 2412(d)(1)(A)-(B).

The Commissioner does not dispute that Carson has satisfied these requirements and is entitled to an award of fees and costs in this case. The Commissioner opposes Carson's fee request arguing that Carson has not shown that an increase in the hourly attorney rate allowed by statute is warranted and opposes the portion of her petition that requests reimbursement for some non-compensable clerical tasks. The Commissioner contends therefore that Carson is entitled to fees only at the $125 rate for a total fee of $3,125.00.

The EAJA allows attorneys' fees at "prevailing market rates," but subject to a cap. The ceiling is $125 per hour "unless the court determines that an increase in the cost of living *or* a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii) (emphasis added). In *Mathews–Sheets v. Astrue,* 653 F.3d 560 (7th Cir. 2011), the Seventh Circuit found that the EAJA does not automatically entitle an attorney to an inflation adjustment and one is not presumed even though the $125 cap rate was set in March 1996. The Seventh Circuit stated that "[i]nflation affects different markets, and different costs in the same market, in different ways," *id.* at 563, and a lawyer seeking an adjustment because of an increase in the cost of living must show that "inflation has increased the cost of providing adequate legal service to the person seeking relief against the government." *Id.* at 563.

The *Mathews–Sheets* decision does not prescribe any particular manner in

which a lawyer might demonstrate that inflation has increased the cost of legal services available to persons seeking redress against the government. The Commissioner contends that plaintiff must present proof that without cost-of-living increases that would bring the hourly rate up to $167.00, no lawyer can be found in the relevant geographical area to competently handle the client's judicial challenge to the denial of disability benefits. Although a sentence can be taken out of the opinion in *Mathews–Sheets* to support this argument, the Commissioner has conflated the two separate bases under the EAJA that justify a rate higher than the $125 cap. This court does not read *Mathews–Sheets* to limit the availability of a fee higher than $125 based on an increase in the cost of living only where the lawyer can prove that qualified attorneys would not otherwise be available.

Here, plaintiff's counsel seeks an hourly rate of $167.00 per hour for 29.7 (26.2 hours plus 3.5 hours) hours of work performed during the course of litigation. Plaintiff's counsel, as an officer of the Court, states that between 2001 and 2011 costs of support staff have risen 53%, insurance costs are up 143%, and office supplies have gone up by 25%. He further states that the number of support staff and the number of attorneys have remained the same. The Court has reviewed the numbers of hours worked and the fee requested and finds them to be reasonable. Plaintiff's counsel has presented sufficient evidence to justify a fee higher than $125 because of an increase in the cost of living. The Court is satisfied that the rates requested by plaintiff's counsel are no greater than the prevailing market rate compensable under the EAJA. *See also Tchemkou v. Mukasey*, 517 F.3d 506, 512 (7th Cir.

2008)(approving hourly rate of $161.85 for EAJA fee award for work in 2006 and stating that "given the passage of time since the establishment of the [statutory $125 rate in 1996], a cost-of-living adjustment is warranted.").

As to the .9 hours for clerical work fees (filing the claim, serving the summons and complaint and the return of service), the Court agrees with the Commissioner that plaintiff should not be reimbursed for these tasks as the fees are not warranted. Similarly, the Court finds that .6 hours for the extensions of time fees are not warranted. Thus, the Court denies plaintiff's motion for fees for clerical work in the amount 1.2 hours.

Accordingly, the Court **GRANTS in part** and **DENIES in part** plaintiff's motion for attorney fees under the Equal Access to Justice Act (Doc. 30).  The Court **AWARDS** attorneys' fees under 28 U.S.C. § 2412(d) in the amount of $4,759.50.  The fee award shall be paid and delivered to plaintiff's counsel, Richard D. Murray, consistent with the assignment contained in the record (Doc. 32-1).

**IT IS SO ORDERED.**

Signed this 17th day of August, 2012.

David R. Herndon
2012.08.17
05:53:58 -05'00'

**Chief Judge**
**United States District Court**